# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RETHA JOHNSON, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 18-4751 |
| MARY DOLLINGER, ERIC FETCHER, DANIEL KUHN, LAMONT PENDLETON, FRANCES HARRISON BLY, and LEE ANN MONTGOMERY, | : |
| Defendants. | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**  **APRIL 12, 2019**

This suit arises out of Plaintiff Retha Johnson's ("Johnson") arrest for her failure to report to one of her probation officers in Montgomery County and her failure to pay her probation fines, costs, and restitution in Delaware County. She brings this action against Defendants Mary Dollinger ("Dollinger"), Eric Fetcher ("Fetcher"), Daniel Kuhn ("Kuhn"), Lamont Pendleton ("Pendleton"), Frances Harrison Bly ("Officer Bly"), and Lee Ann Montgomery ("Officer Montgomery"), alleging various civil rights violations and state law claims.

Presently before the Court are Officer Montgomery's Motion to Dismiss and Dollinger, Fetcher, Kuhn, and Pendleton's (the "Montgomery County Defendants") Motion to Dismiss.[1] Johnson has filed a Response in Opposition that addresses both of the pending motions. For the reasons that follow, Officer Montgomery's and the Montgomery County Defendants' Motions are granted.

---

[1] This action was filed on November 2, 2018. As of the date of this Memorandum Opinion, Officer Bly has yet to be served with Johnson's Complaint.

I.  **BACKGROUND**

In January 2011, Johnson was convicted in Montgomery County, Pennsylvania, of "theft by deception" and was sentenced to four years of probation. (Compl. ¶ 9.) At the time of her sentencing, Johnson was living in Philadelphia, Pennsylvania, and had her probation transferred to Philadelphia County. (*Id.* ¶ 10.) Officer Bly was the Philadelphia probation officer who handled the transfer of Johnson's probation to Philadelphia County. (*Id.* ¶ 11.)

In 2012, Johnson was also on probation in Delaware County for a conviction of "theft by deception." (*Id.* ¶ 12.) Officer Montgomery was Johnson's Delaware County probation officer, whom Johnson reported directly to for her probation appointments. (*Id.* ¶¶ 13, 15.) Johnson was not allowed to transfer her Delaware County probation to Philadelphia County. (*Id.* ¶ 14.) Additionally, Johnson claims that Officer Montgomery also approved Johnson's transfer of probation from Montgomery County to Philadelphia County.[2] (*Id.* ¶ 16.)

On November 4, 2016, Montgomery County Sheriffs came to Johnson's Clifton Heights residence and arrested her for failure to report to her Montgomery County probation officer. (*Id.* ¶ 17.) She alleges both Officer Bly and Officer Montgomery approved her residence at Clifton Heights. (*Id.*) Johnson was jailed in Montgomery County from November 4 to December 6, 2016, after which she was transferred and jailed in Delaware County until she was released on December 16, 2016. (*Id.* ¶ 18.)

On November 30, 2016, Johnson had a probation hearing in Montgomery County, where her warrant was withdrawn after Officer Bly faxed a confirmation to the court that Johnson's probation had been transferred from Montgomery County to Philadelphia County. (*Id.* ¶ 19.) Before she was released, however, the Delaware County Probation Office issued a warrant

---

[2] Officer Montgomery represents that she "had no jurisdiction to approve or disapprove a transfer of probation" regarding Montgomery County and Philadelphia County. (Officer Montgomery's Mem. Law Supp. Mot. to Dismiss 8.)

2

against her "for failure to pay her probation costs and fines while [she] was wrongfully and illegally incarcerated by Montgomery County." (*Id.* ¶ 20.)

Johnson claims that, while she was jailed in Montgomery County, she told Officer Montgomery that Montgomery County wrongfully incarcerated her and that she could not report to Officer Montgomery or pay her "fees." (*Id.* ¶ 21.) In response, Officer Montgomery allegedly said, "I don't care there's nothing I can do." (*Id.*)

On December 16, 2016, after she was transferred to jail in Delaware County, Johnson had a Gagnon hearing in which she "offered proof to the [c]ourt that she made every required Delaware County Probation meeting until she was wrongfully jailed by Montgomery County." (*Id.* ¶ 22.) Johnson claims Officer Montgomery never attended the Gagnon hearing and "additionally falsified her [c]ourt recommendation that plaintiff never showed to any probation appointments." (*Id.* ¶ 23.)

On December 16, 2016, Johnson was released from jail in Delaware County and alleges all of her probation warrants were dismissed. (*Id.* ¶ 24.) As a result of her alleged wrongful arrest and incarceration, she was terminated from her job as a manufacturing associate at "WuXi AppTec, Inc. Pharmaceuticals," where she was making $3,200 per month. (*Id.* ¶ 25.)

On November 2, 2018, Johnson filed suit in this Court. Her Complaint contains six counts, all of which are directed against all Defendants: (1) a 42 U.S.C. § 1983 claim under the Fourth Amendment for false arrest and malicious prosecution; (2) "duty to investigate"; (3) deliberate indifference under the Fourteenth Amendment; (4) "conspiracy to violate the federal and state civil rights"; (5) malicious prosecution under federal and state law; and (6) intentional infliction of emotional distress. Officer Montgomery filed her Motion to Dismiss on December 3, 2018, and the Montgomery County Defendants filed their Motion to Dismiss on December 6,

2018. Johnson filed a Response in Opposition that addresses both motions on December 19, 2018.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)) (internal quotation marks omitted). However, courts need not "accept mere[] conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Finally, we may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." *Davis*, 824 F.3d at 341 (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

## III. DISCUSSION

### A. The Montgomery County Defendants' Motion to Dismiss

We begin with the Montgomery County Defendants' Motion to Dismiss, which seeks dismissal of all claims asserted against them. As a general matter, these Defendants contend that dismissal is appropriate because Johnson has failed to allege any facts indicating their personal involvement in the events in the Complaint. We agree and will dismiss without prejudice all counts against Dollinger, Fetcher, Kuhn, and Pendleton. However, as we explain below, some counts require dismissal with prejudice because they fail as a matter of law.

The Montgomery County Defendants argue that Johnson's constitutional and state law claims against them fail because of inadequate pleading. Regarding Johnson's constitutional claims, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* The United States Court of Appeals for the Third Circuit "has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

Johnson's Complaint comes nowhere near the requirement to allege the personal involvement of Dollinger, Fetcher, Kuhn, and Pendleton in causing her constitutional injuries. Paragraphs eight through twenty-five of the Complaint consist of the factual allegations in the matter. Dollinger, Fetcher, Kuhn, and Pendleton are not mentioned in a single paragraph. The only time they are mentioned by name in the entire Complaint is in paragraphs two and fifty-one,

5

which provide that they "were at all times relevant employees of Montgomery County" and "were acting under the color of law and their individual capacities as probation officers of Montgomery County," (Compl. ¶ 2), and that Johnson demands judgment against them, (*id.* ¶ 51).[3] (Compl. ¶ 2.) Johnson's lack of factual allegations about how Dollinger, Fetcher, Kuhn, and Pendleton are involved in the case is clearly inadequate to mount civil rights violations against them. Accordingly, her constitutional claims against Dollinger, Fetcher, Kuhn, and Pendleton are dismissed without prejudice. However, as we discuss below, Johnson's Fourteenth Amendment deliberate indifference claim and federal malicious prosecution claim are dismissed with prejudice.

Of course, Johnson's Complaint similarly does not meet the pleading requirements of *Twombly* and *Iqbal* to adequately plead her state law claims against Dollinger, Fetcher, Kuhn, and Pendleton. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570). Like our discussion above, Johnson does not make a single allegation about how these Defendants could be liable for conspiracy (to the extent such a claim is under Pennsylvania state law), malicious prosecution, and intentional infliction of emotional distress. Accordingly, Johnson's state law claims against Dollinger, Fetcher, Kuhn, and Pendleton are dismissed without prejudice.

The Montgomery County Defendants also identify several counts that they contend should be dismissed with prejudice as a matter of law. In particular, they argue that the duty to investigate claim (Count II) should be dismissed because it is duplicative of the false arrest and

---

[3] Contrary to the allegations in the Complaint, the Montgomery County Defendants contend that Pendleton has never been an employee of the Montgomery County Probation Department. They represent that he is a Deputy Sheriff in the Montgomery County Sheriff's Office. (*See* Montgomery Cty. Defs.' Mem. Law Supp. Mot. to Dismiss 3 n.3.)

malicious prosecution claims; the deliberate indifference claim (Count III) under the Fourteenth Amendment should be dismissed because Johnson's claim is more properly characterized under the Fourth Amendment; and the federal malicious prosecution claim in Count V should be dismissed because it is duplicative of the federal malicious prosecution claim in Count I. We disagree with the Montgomery County Defendants on their first argument, but we agree with them on their second and third arguments.

The Montgomery County Defendants first argue that "research fails to reveal any claim known by the name 'duty to investigate' in federal or Pennsylvania law." (Montgomery Cty. Defs.' Mem. Law Supp. Mot. to Dismiss 7.) As a result, these Defendants contend that Johnson's duty to investigate claim should be dismissed because it is merely duplicative of her false arrest and malicious prosecution claims in Count I. We disagree.

Simply put, it appears a due process violation for failure to investigate is a cognizable claim. *See Martin v. Anderson*, No. 07-2965, 2008 WL 4761734, at *9 n.8 (E.D. Pa. Oct. 29, 2008) (citing *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 672 (8th Cir. 2007); *Russo v. City of Bridgeport*, 479 F.3d 196, 2010, 212 (2d Cir. 2007); *Wilson v. Lawrence Cty., Mo.*, 260 F.3d 946, 955 (8th Cir. 2001); *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992); *Whitley v. Seibel*, 613 F.2d 682, 686 (7th Cir. 1980)); *Walker v. Spiller*, No. 97-6720, 1998 WL 306540, at *6 (E.D. Pa. June 9, 1998). While it is questionable that such a claim fits the facts of this case, the Montgomery County Defendants provide no further argument on why this claim should be dismissed. Accordingly, as it pertains to the Montgomery County Defendants' specific objection to this count, we will not dismiss it based on their argument of the claim's non-existence. However, as we detailed above, Johnson does not set forth a single allegation about how the

7

Montgomery County Defendants relate to this case at all. Therefore, Count II is dismissed without prejudice based on inadequate pleading.

The Montgomery County Defendants also move to dismiss Johnson's Fourteenth Amendment deliberate indifference claim (Count III) on the basis that the claim is more properly analyzed under the Fourth Amendment. Johnson's response is confusing and unclear, at times referencing *Brady v. Maryland*, 373 U.S. 83 (1963), but ultimately arguing that the Montgomery County Defendants "violated plaintiff's substantive due process rights as the defendants knowingly perpetrated an illegal arrest by willfully disregarding readily available information, or otherwise inquire if the plaintiff actually violated the terms of her probation" prior to arresting and detaining her. (Pl.'s Resp. Opp'n Defs.' Mots. to Dismiss 8.) Johnson fails to address the Montgomery County Defendants' argument that the Fourteenth Amendment deliberate indifference claim should be dismissed because it is not the proper constitutional avenue for relief. However, our review of the Montgomery County Defendants' argument confirms that dismissal is appropriate.

A claim under § 1983 requires a plaintiff to "identify the exact contours of the underlying right said to have been violated." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). In *Berg*, the Third Circuit stated that "[t]he Supreme Court has held that when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. Although not all actions by police officers are governed by the Fourth Amendment, the constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis." *Id.* at 268-69 (internal citation omitted) (citing *Lewis*, 523 U.S. at 842-43).

Johnson's deliberate indifference claim under the Fourteenth Amendment is, in essence, a claim of false arrest. For instance, she argues that the Montgomery County Defendants "deprived her of her rights, immunities and liberty interests secured specifically under the 4th and 14th amendment [sic] of the Constitution of the United States by *subjecting plaintiff to an unlawful arrest . . . .*" (Pl.'s Mem. Law Resp. Opp'n Defs.' Mots. to Dismiss 8) (emphasis added). Because the constitutionality of arrests by state officials is governed under the Fourth Amendment, Johnson's claim under the Fourteenth Amendment is dismissed. We will dismiss this claim with prejudice, as it would be futile to give leave to amend. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).

Lastly, the Montgomery County Defendants argue that Count V is subject to dismissal to the extent it alleges malicious prosecution under § 1983, as Johnson has an identical claim in Count I. Indeed, Count I of the Complaint alleges Fourth Amendment false arrest and malicious prosecution claims under § 1983. Johnson provides no response to the Montgomery County Defendants' argument on this point. Because the federal malicious prosecution claim in Count V is duplicative of the federal malicious prosecution claim in Count I, the former is dismissed with prejudice. *See Giannone v. Ayne Inst.*, 290 F. Supp. 553, 566 (E.D. Pa. 2003) (citations omitted) (dismissing count of complaint because it was duplicative of another); *Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000) (same); *see also Burlington*, 114 F.3d at 1434 (listing futility as a reason for denying leave to amend).

**B. Officer Montgomery's Motion to Dismiss**

**1.** *False Arrest and Malicious Prosecution (Count I)*

Officer Montgomery first moves to dismiss the Fourth Amendment false arrest and malicious prosecution claims on the basis that there was probable cause for Delaware County to

detain Johnson because she failed to pay her probation fines, costs, and restitution. (Officer Montgomery's Mem. Law Supp. Mot. to Dismiss 6-7.) Further, with respect to the malicious prosecution claim, Officer Montgomery argues that the claim necessarily fails because Johnson was sentenced due to her probation violations. (*Id.* at 11.) Johnson provides no response to Officer Montgomery's arguments.

We agree with Officer Montgomery that Johnson's false arrest claim fails because there was probable cause for the Delaware County warrant and detainer. To make out a claim for false arrest when the defendant acted pursuant to a warrant, the plaintiff must allege "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Spiker v. Allegheny Cty. Bd. of Prob. & Parole*, 920 F. Supp. 2d 580, 607 (W.D. Pa. 2013) (quoting *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000)). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014) (quoting *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)). "A police officer may be liable for civil damages for an arrest if 'no reasonable competent officer' would conclude that probable cause exists." *Id.* (quoting *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000)).

Johnson specifically alleges that the Delaware County warrant was issued because of her "failure to pay her probation costs and fines while [she] was wrongfully and illegally incarcerated by Montgomery County." (Compl. ¶ 20.) However, Johnson fails to allege a single fact regarding how Officer Montgomery made a knowingly or recklessly false statement or

omission in applying for the Delaware County warrant. In support of the argument that Delaware County had probable cause to issue the warrant, Officer Montgomery provides Johnson's docket sheet from the Pennsylvania Court of Common Pleas for Delaware County.[4] (Officer Montgomery's Mem. Law. Supp. Mot. to Dismiss, Ex. B ("Delaware County Docket Sheet").) Indeed, the docket sheet reflects that, as of November 30, 2018, Johnson had $7,086.50 in payments to make as part of her conviction.[5] (*Id.* at 7.)

We are mindful that probable cause is typically a fact issue. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995) (citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984)). In this case, however, Johnson claims that the Delaware County warrant was lodged because she failed to pay her probation fines and costs, and Officer Montgomery has come forward with a document of public record that shows Johnson has never made a single payment towards her fines and costs. Therefore, because the Delaware County warrant was supported by probable cause, Johnson's false arrest claim against Officer Montgomery is dismissed with prejudice. *See Burlington*, 114 F.3d at 1434 (listing futility as a reason for denying leave to amend).

We next consider Johnson's Fourth Amendment malicious prosecution claim. To bring such a claim, the plaintiff must allege that

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

---

[4] We may consider Johnson's Delaware County docket sheet in ruling on a motion to dismiss, as it is a matter of public record. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) (citation omitted).

[5] $3,611.50 consists of costs and fees, and $3,475 consists of restitution. (*See* Delaware County Docket Sheet at 7.)

11

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Officer Montgomery argues that Johnson cannot maintain a claim of malicious prosecution because the second element—the criminal proceeding ended in the plaintiff's favor—cannot be met because Johnson was sentenced on December 16, 2016. (*See* Officer Montgomery's Mem. Law. Supp. Mot. to Dismiss 11.) Once again, Johnson does not respond to Officer Montgomery's argument.

Here, it is abundantly clear that Johnson cannot maintain a malicious prosecution claim. In support of Officer Montgomery's argument for dismissal, she contends that the Delaware County Docket sheet shows that, contrary to the allegations that Johnson "was released from Delaware County Prison and all of her probation warrants were dismissed," Johnson was actually sentenced with a penalty imposed on December 16, 2016.[6] (*See* Delaware County Docket Sheet at 1-2.) Specifically, Johnson was sentenced to an additional four years of probation. (*See id.* at 2.) As a result, she cannot maintain her prima facie case of malicious prosecution because the proceeding did not end in her favor. *See Johnson*, 477 F.3d at 82. Accordingly, her federal malicious prosecution claim in Count I is dismissed with prejudice as to Officer Montgomery. *See Burlington*, 114 F.3d at 1434 (listing futility as a reason for denying leave to amend).

### 2. *Duty to Investigate (Count II)*

Officer Montgomery also moves to dismiss Johnson's duty to investigate claim. To the extent Johnson is alleging that there was a duty for Officer Montgomery to attempt to have her released from Montgomery County jail after she told Officer Montgomery she was being illegally detained, Officer Montgomery argues that the claim fails because Officer Montgomery

---

[6] Although courts must generally accept allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff when ruling on a motion to dismiss, allegations in the complaint that contradict facts of which the court may take judicial notice do not need to be accepted as true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

12

did not have jurisdiction to approve or disapprove a transfer of probation, nor was she the proper individual to have the Montgomery County detainer removed. Additionally, Officer Montgomery argues that, to the extent such a claim is premised on her failure to determine the status of Johnson's Delaware County payments as a result of Johnson's criminal conviction, the docket indicates no payments were ever made, and therefore the "claim is without merit." (Officer Montgomery's Mem. Law Supp. Mot. to Dismiss 8.) Johnson's sole argument in response is that "the defendants had readily available information in front of them, that plaintiff was not committing probation violations and additionally had her probation transferred to Philadelphia and [sic] the direction of Montgomery County." (Pl.'s Mem. Law Opp'n Defs.' Mots. to Dismiss 11.)

Johnson's theory for her duty to investigate claim is difficult to discern. Based on her briefing, it appears she is attempting to hold Officer Montgomery liable for Officer Montgomery's failure to have the Montgomery County detainer removed once Johnson stated Montgomery County was illegally incarcerating her. However, cases involving a failure to investigate involve allegations against officers who were assigned to investigate the plaintiff within the charging and prosecuting jurisdiction. *See, e.g.*, *Brockinton*, 503 F.3d at 671-72; *Wilson*, 260 F.3d at 955-56; *Sanders*, 950 F.2d at 1160-62; *Whitley*, 613 F.2d at 686; *Martin*, 2008 WL 4761734, at *9. In this case, Officer Montgomery was a Delaware County probation officer who had nothing to do with Johnson's arrest on November 4, 2016. Even though Johnson allegedly told Officer Montgomery that Montgomery County was illegally incarcerating her, Officer Montgomery was not investigating Johnson for any Montgomery County probation violation and worked in an entirely different jurisdiction. Accordingly, Johnson's duty to investigate claim against Officer Montgomery fails as a matter of law, and it is dismissed with

prejudice. *See Burlington*, 114 F.3d at 1434 (listing futility as a reason for denying leave to amend).

### 3. *Conspiracy (Count IV)*

Officer Montgomery next argues that the conspiracy claim should be dismissed because there are no factual allegations to support such a claim among the various probation officers in the several jurisdictions that have been sued. (*See* Officer Montgomery's Mem. Law Supp. Mot. to Dismiss 8-9.) To state a claim of conspiracy under § 1983, "a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (quoting *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009)). To properly plead a conspiracy claim, the plaintiff "must assert facts from which a conspiratorial agreement can be inferred." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa. 2014) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010)); *see also Church Mut. Ins. Co. v. All. Adjustment Grp.*, 102 F. Supp. 3d 719, 729 (E.D. Pa. 2015) ("The plaintiff must make 'specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'"). "[T]he law is clear that the plaintiff must plead more than legal conclusions of a conspiracy or agreement." *Id.*

Johnson's sole argument against dismissing the conspiracy claim is that, "[i]t is [her] contention that at the pleading stage, all that is required to support a plausible finding of [c]onspiracy between [Defendants] is an allegation that [Defendants] conspired together to have [her] unlawfully arrested and charged with probation violations." (Pl.'s Mem. Law Opp'n Defs.'

Mots. to Dismiss 10.) Not surprisingly, Johnson fails to cite a single case in support of her argument.

To successfully plead a claim of conspiracy, the law is clear that a plaintiff must assert facts "to suggest that an agreement was made." *Mikhail*, 991 F. Supp. 2d at 645. Johnson's Complaint does not assert a single fact that would allow the Court to infer that an agreement between the Defendants has been made. Her Complaint merely contains bare conclusory labels of conspiracy, which are clearly insufficient. Accordingly, Count IV is dismissed without prejudice.[7]

### 4. *Malicious Prosecution (Count V) and Intentional Infliction of Emotional Distress (Count VI)*

Lastly, Officer Montgomery moves to dismiss the state law claims of malicious prosecution and intentional infliction of emotional distress on the basis that sovereign immunity bars them. Johnson provides absolutely no response to Officer Montgomery's argument regarding sovereign immunity. Nevertheless, we agree with Officer Montgomery and dismiss Johnson's state law claims with prejudice.

Pennsylvania's "probation department is an arm of the state, and its employees are state actors, making them subject to sovereign immunity." *Clark v. Conahan*, 737 F. Supp. 2d 239, 258 (M.D. Pa. 2010) (citing *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008)). Pennsylvania's sovereign immunity statute states:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees

---

[7] Johnson does not state whether her conspiracy claim is under federal or state law. Under Pennsylvania law, "a plaintiff must allege the following: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 426 (W.D. Pa. 2008) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997)). To the extent Johnson raises her conspiracy claim under Pennsylvania law, it is dismissed for the same reason as her federal claim.

15

> acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa. Cons. Stat. § 2310. The Pennsylvania General Assembly has waived sovereign immunity in nine instances: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) pothole or other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa. Cons. Stat. § 8522(b). For sovereign immunity to apply, the state actor's actions must have been taken within the scope of his duties. *See* 1 Pa. Cons. Stat. § 2310. "Conduct of an employee is within the scope of employment when it is of a kind and nature that the employee is employed to perform, it occurs substantially within the authorized time and space limits, and the action is prompted, at least in part, by a purpose to serve the employer." *Johnson v. City of Phila.*, No. 13-2963, 2013 WL 4014565, at *6 (E.D. Pa. Aug. 7, 2013) (quoting *Clark*, 737 F. Supp. 2d at 258).

As we noted above, Johnson provides no argument in response to Officer Montgomery's claim of sovereign immunity. However, it is clear that Johnson's state law claims of malicious prosecution and intentional infliction of emotional distress are not one of the nine instances in which the Pennsylvania General Assembly has waived sovereign immunity.[8] Moreover, the Delaware County warrant was allegedly issued because Johnson failed to pay her probation costs and fines while she was incarcerated in Montgomery County, (Compl. ¶ 20), but the docket sheet reflects that she never paid any of her fines, costs, and restitution that were required as a result of her Delaware County conviction. Thus, as alleged, the actions of Officer Montgomery were

---

[8] We additionally note that the state law malicious prosecution claim fails for the same reason Johnson's federal claim fails, as the proceeding did not end in her favor. *See Cap v. K-Mart Discount Stores, Inc.*, 515 A.2d 52, 53 (Pa. Super. Ct. 1986) (stating the final element of a malicious prosecution claim is the proceeding terminated in favor of the accused).

16

taken within the scope of her duties. Sovereign immunity bars the state law claims in this matter, and they are dismissed with prejudice.[9] *See Burlington*, 114 F.3d at 1434 (listing futility as a reason for denying leave to amend).[10]

## IV. CONCLUSION

For the reasons explained above, Officer Montgomery's and the Montgomery County Defendants' Motions are granted. Johnson shall have fifteen days to file an amended complaint to cure the deficiencies in her original Complaint.

An appropriate Order follows.

---

[9] Because the Montgomery County Defendants are alleged to be state actors, the state law claims against them are dismissed with prejudice on this basis as well. (*See* Compl. ¶ 2.)

[10] Officer Montgomery also provides a short argument at the conclusion of her brief that she is entitled to qualified immunity. (Officer Montgomery's Mem. Law Supp. Mot. to Dismiss 12-13.) She does not identify the claims for which she is arguing qualified immunity applies. In this case, we have already dismissed with prejudice Johnson's constitutional claims against Officer Montgomery. Accordingly, we will not address the issue of qualified immunity.