# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| RETHA JOHNSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 18-4751 |
| MARY DOLLINGER, ERIC FETCHER, DANIEL KUHN, LAMONT PENDLETON, FRANCES HARRISON BLY, and LEE ANN MONTGOMERY, | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                    **MAY 10th, 2019**

This suit arises out of Plaintiff Retha Johnson's ("Johnson") arrest for her alleged failure to report to one of her probation officers in Montgomery County and failure to pay her probation fines, costs, and restitution in Delaware County. She brings this action against Defendants Mary Dollinger ("Dollinger"), Eric Fetcher ("Fetcher"), Daniel Kuhn ("Kuhn"), Lamont Pendleton ("Pendleton"), Frances Harrison Bly ("Officer Bly"), and Lee Ann Montgomery ("Officer Montgomery"), alleging various civil rights violations and state law claims.

Presently before the Court is Officer Montgomery's Motion to Dismiss, which seeks dismissal of the federal and state civil conspiracy claims in Johnson's Amended Complaint.[1] Johnson has filed a Response in Opposition. For the reasons that follow, Officer Montgomery's Motion is granted.

---

[1] Dollinger, Fetcher, Kuhn, and Pendleton filed a Motion to Dismiss Johnson's Amended Complaint on May 8, 2019. The Court will address their Motion when it becomes ripe.

## I. BACKGROUND

The Court previously addressed this matter in a Memorandum Opinion dated April 12, 2019. *See Johnson v. Dollinger*, No. 18-4751, 2019 WL 1596340 (E.D. Pa. Apr. 12, 2019). As it relates to Officer Montgomery, the Court dismissed with prejudice all claims asserted against her except the civil conspiracy claims in Count IV.[2] *See id.* at *7-8. The Court gave Johnson fifteen days to file an Amended Complaint, and she has done so. The Complaint's and Amended Complaint's "general allegations," located at paragraphs eight through twenty-five, are nearly verbatim. Accordingly, we incorporate our factual background in our prior Memorandum Opinion here. *See id.* at *1-2.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)) (internal quotation marks omitted). However, courts need not "accept mere[] conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133

---

[2] The Court also addressed Dollinger, Fetcher, Kuhn, and Pendleton's Motion to Dismiss. As it relates to those Defendants, the Court dismissed Counts I, II, and IV without prejudice, and dismissed Counts III, V, and VI with prejudice. *See id.* at *3-5. Officer Bly was not a moving defendant because she was never served with Johnson's Complaint. *See id.* at *1 n.1.

(3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Finally, we may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." *Davis*, 824 F.3d at 341 (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

## III. DISCUSSION

Officer Montgomery again moves to dismiss the civil conspiracy claims on the basis that there is no factual predicate to support such claims among the multiple probation officers that work in different jurisdictions. (Officer Montgomery's Mem. Law Supp. Mot. to Dismiss 5.) In our prior Memorandum Opinion, we dismissed Johnson's civil conspiracy claims because the Complaint contained only conclusory labels of conspiracy and did not "assert a single fact that would allow the Court to infer that an agreement between the Defendants has been made." *Johnson*, 2019 WL 1596340, at *8. As explained below, Johnson's Amended Complaint fares no better, and her civil conspiracy claims against Officer Montgomery are dismissed with prejudice.

To state a claim of conspiracy under § 1983, "a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (quoting *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009)). To properly plead a conspiracy claim, the plaintiff "must assert facts from which a conspiratorial agreement can be inferred." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa. 2014) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010)).

Indeed, "[t]he plaintiff must make 'specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Church Mut. Ins. Co. v. All. Adjustment Grp.*, 102 F. Supp. 3d 719, 729 (E.D. Pa. 2015) (quoting *Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999)). "'[O]nly allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other action of the alleged conspirators taken to achieve that purpose will be deemed sufficient.'" *Panayotides*, 35 F. Supp. 2d at 419 (alteration in original) (quoting *Dutton v. Buckingham Twp.*, No. 97-3354, 1997 WL 732856, at *2 (E.D. Pa. Nov. 13, 1997)). "[T]he law is clear that the plaintiff must plead more than legal conclusions of a conspiracy or agreement." *Mikhail*, 991 F. Supp. 2d at 645.

Taken nearly verbatim from her original Response in Opposition to Defendants' Motions to Dismiss, Johnson argues that "[i]t is [her] contention that at the pleading stage, all that is required to support a plausible finding of [c]onspiracy between the above mentioned defendants is a well pleaded allegation that the [Defendants] conspired together to have the plaintiff unlawfully arrested and charged with probation violations." (Pl.'s Mem. Law Opp'n Officer Montgomery's Mot. to Dismiss 7.) As we noted in our prior Memorandum Opinion, the law clearly does not support Johnson's "contention." The Amended Complaint, like the original Complaint, does not contain a single factual allegation that would allow the Court to infer that an agreement to violate Johnson's civil rights was made between the several probation officers named as defendants. Indeed, her general factual allegations in the Amended Complaint nearly mirror those from the original Complaint, which do not even mention Dollinger, Fetcher, Kuhn, or Pendleton in a single paragraph. (*See* Am. Compl. ¶¶ 8-25.) And although Johnson has added averments below her civil conspiracy claims that state, as to each probation officer, that he or she

"conspired with the other defendants to perpetuate plaintiff's illegal arrest by deliberately ignoring plaintiff's lawful probation transfer to Philadelphia," (*id.* ¶¶ 55-60), these statements are nothing more than conclusory assertions of a conspiracy. In short, Johnson has not alleged specific facts to show an agreement between the named probation officers. *See Church Mut.*, 102 F. Supp. 3d at 729 (quoting *Panayotides*, 35 F. Supp. 2d at 419) ("The plaintiff must make 'specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'"). Therefore, her federal civil conspiracy claim is dismissed.

Our prior Memorandum Opinion also dismissed without prejudice a Pennsylvania state law claim of civil conspiracy to the extent one was raised, as it was unclear from Johnson's Complaint and briefing that she was even bringing one. *See Johnson*, 2019 WL 1596340, at *8 n.7. Johnson's Amended Complaint makes clear that she is bringing such a claim, which Officer Montgomery also moves to dismiss. To bring a civil conspiracy claim under Pennsylvania law, "a plaintiff must allege the following: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 426 (W.D. Pa. 2008) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997)).

Johnson's state law civil conspiracy claim fails for the same reason as her federal claim. In particular, she does not assert a single fact that would show a combination of two or more individuals with a common purpose committing an unlawful act or committing a lawful act with an unlawful purpose. Likewise, she does not allege any facts showing an overt act was done to

pursue a common purpose.  For these reasons, Johnson's state law civil conspiracy claim is dismissed.

Because we have afforded Johnson the opportunity to cure her deficiencies by filing an Amended Complaint, we find that further amendment would be futile.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (listing futility as a reason for denying leave to amend).  Accordingly, her civil conspiracy claims (Count IV) in the Amended Complaint are dismissed with prejudice as to Officer Montgomery.

## IV. CONCLUSION

For the reasons set forth above, Officer Montgomery's Motion to Dismiss is granted, and Count IV of the Amended Complaint is dismissed with prejudice as to Officer Montgomery. Because there are no remaining counts against Officer Montgomery, she is dismissed from this action.

An appropriate Order follows.